**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF FLORIDA

Case number *(if known)* _____   Chapter   **11**

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | JMSLP, Inc. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | DBA  The Stadium |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 26-0543489 |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2349 Seven Springs Blvd.** <br> **New Port Richey, FL 34655** <br> Number, Street, City, State & ZIP Code | **11653 Belle Haven Drive** <br> **New Port Richey, FL 34654** <br> P.O. Box, Number, Street, City, State & ZIP Code |
| **Pasco** <br> County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

**5.   Debtor's website** (URL)   _____

**6.   Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | JMSLP, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__7225__

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

Debtor    **JMSLP, Inc.**
_____    Case number (*if known*) _____
          Name

---

**10.  Are any bankruptcy cases**
**pending or being filed by a**
**business partner or an**
**affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1,
attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| District | When | Case number, if known | |

---

**11.  Why is the case filed in**
*this district?*

*Check all that apply:*

■  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or**
**have possession of any**
**real property or personal**
**property that needs**
**immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

**13.  Debtor's estimation of**
**available funds**

*Check one:*

■  Funds will be available for distribution to unsecured creditors.

☐  After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.  Estimated number of**
**creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15.  Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ■ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

---

| Debtor | **JMSLP, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

☐ $50,001 - $100,000          ☐ $10,000,001 - $50  million          ☐ $1,000,000,001 - $10 billion

■ $100,001 - $500,000          ☐ $50,000,001 - $100 million          ☐ $10,000,000,001 - $50 billion

☐ $500,001 - $1 million          ☐ $100,000,001 - $500 million          ☐ More than $50 billion

Debtor    **JMSLP, Inc.**
    Name

Case number (*if known*) _____

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/13/2025
              MM / DD / YYYY

X _Patrick J. McHugh_ (signature)
Signature of authorized representative of debtor

**Patrick J. McHugh**
Printed name

Title    **President**

**18. Signature of attorney**

X  */s/ Edward J. Peterson*
Signature of attorney for debtor

Date  06/13/2025
    MM / DD / YYYY

**Edward J. Peterson**
Printed name

**Berger Singerman LLP**
Firm name

**101 E. Kennedy Blvd**
**Suite 1165**
**Tampa, FL 33602**
Number, Street, City, State & ZIP Code

Contact phone  **813-498-3400**    Email address  **epeterson@bergersingerman.com**

**14612 FL**
Bar number and State

**UNANIMOUS WRITTEN CONSENT**

**OF**

**BOARD OF DIRECTORS**

**OF**

**JMSLP, INC.**

June 11, 2025

The undersigned, being all of the board of directors of JMSLP, Inc., a Florida corporation ("**JMSLP**" or "**Company**"), acting by written consent without a meeting, do hereby consent to the adoption of the following resolutions as of the date hereof with the same force and effect as if such resolutions were approved and adopted at a duly constituted meeting of the JMSLP Board of Directors:

**WHEREAS**, the Company has determined that it is desirable and in the best interests of the Company and its creditors, employees, and other interested parties that a petition be filed by the Company, seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED**, that the Company be, and hereby is, authorized and empowered to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in a court of proper jurisdiction (the "**Bankruptcy Court**"); and

**RESOLVED FURTHER**, that any officer of the Company (each, an "**Authorized Officer**" and collectively, the "**Authorized Officers**") be, and each of them individually hereby is, authorized, in the name and on behalf of the Company, appointed as the Company's authorized representatives, and in such capacity, acting alone or together, with power of delegation, be, and they hereby are, authorized and empowered to execute and file on behalf of the Company, including in the Company's capacity as shareholder, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses.

**RESOLVED FURTHER**, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Berger Singerman, LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services Berger Singerman, LLP.

**RESOLVED FURTHER**, that each Authorized Officer be, and they hereby are, authorized and directed to employ the law firm of Berger Singerman as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Berger Singerman.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary.

**RESOLVED FURTHER** that each Authorized Officer be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules,

motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case.

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED FURTHER**, that all Board of Directors of the Company have received sufficient notice of the actions and transactions relating to the matters by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice.

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution by the Board of Directors of the Company

**RESOLVED FURTHER**, that these resolutions may be executed and delivered in multiple counterparts and via facsimile or other electronic means, all of which taken together shall constitute one and the same instrument.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN WITNESS WHEREOF, the undersigned being Board of Directors of JMSLP, Inc. have duly executed this Unanimous Written Consent as of the date first written above.

_Patrick J. McHugh_   Dated: _June 12, 2025_
Name: PATRICK J. McHUGH
Title: President

_____   Dated: _____
Name: _____
Title: _____

_____   Dated: _____
Name: _____
Title: _____

35014874-2